# GRAND-ISLE COUNTY.

## JANUARY TERM, 1835.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"      "    SAMUEL S. PHELPS, } *Assistant Justices.*
"      "    JOHN MATTOCKS,   }

GRAND ISLE, UNITED STATES BANK *vs.* DANIEL T. TAYLOR, JOHN M. SOWLES,
January,
1835.                   and BENJAMIN MOTT.

An officer attaches property, from time to time, on a writ, and leaves a single
copy, agreeably to law, including a list of all the property taken, before the
time of service expires—*Held,* Such service is good on a plea in abatement.

This was an action of assumpsit on a promissory note, to which
a plea in abatement was made, as to the sufficiency of the officer's
return, which stated that, at sundry times, from the 7th day of Nov.
1833, to the 17th day of April, 1834, said officer attached divers
articles of property, and at the latter date alone had left a copy,
including in the return a list of all the property attached, for the
defendant, with William L. Sowles, at his dwelling-house in Al-
burgh; and stated that said defendant had no residence or attorney
in this state, and where left being the place nearest where most of
said property was attached, &c.

The county court overruled the plea, to which the defendant
excepted, and the cause passed to this court for revision.

*Mr. Harrington for defendant.*—One question, which involves
the whole inquiry, is, at what time the officer serving this should have
delivered the defendant, Taylor, a copy of the writ and return.
The statute is, " when the goods and chattels of any person shall
be attached at the suit of · another, a copy of said attachment and
a list of the articles attached, attested by the officer serving the
same, shall be delivered to the party whose goods and chattels are
so attached," &c.   It would seem that a conclusive answer is given
by the statute as to time, and that is, when the goods are attached; so

it would be bad to take property at one time, and at another to

furnish the copy. The service of an attachment must be completed at one time; that is, must be proceeded with with ordinary diligence, until the property is secured and copies made and delivered to the defendant.

·Intermitting services could never be endured. Every defendant ought to know by what authority and for what purpose his property is taken from him, that it may be receipted or replevied as the circumstances should require; and the only legal and proper course to give this notice is, by copy.

*Mr. Read contra.*—The plaintiff contends that the said Taylor's plea in abatement was properly overruled by the court below—

1. Because said plea in abatement is bad upon the face of it.

2. Because the service *was* made and copy left, agreeably to the provisions of the statute, in cases where the defendant is not an inhabitant of this state, and his goods and chattels being within this state, are attached.—Stat. 65.

3. Property may be attached by an officer, from time to time, until the service is completed; and if he leaves a copy at any time before the time of service expires, it is good.—*Newton* vs. *Adams and others*, 4 Vt. Rep. 444.

The opinion of the court was delivered by

. MATTOCKS, J.—It seems doubtful, from the plea in abatement, whether it is intended to be in behalf of all the defendants, or only for Taylor. But as we think the plea has no substance, it would be useless to examine the form. It is not obnoxious to the defect of being double, as neither of the two causes alleged are sufficient. The one that the copy was not left with Taylor, but with Sowles, who was no agent, is bad; because the statute, p. 65, provides, that where the defendant is not an inhabitant of this state, and has no known agent or attorney, the copy is to be left where the property was attached; and the officer's return shows, that, at the time of service, all these facts existed as to Taylor, and the copy was left according to the provision of the statute. As to the other fact in the plea, that the property was attached on the 7th November, 1833, and at sundry other times, until the 17th March, 1834, when the copy was left. This last day being more than twelve days before court, was sufficient, as was decided in *Newton* vs. *Adams et al.*, 4 Vt. Rep. 444, where the judge, who delivered the opinion says, "The law requires but twelve days notice in such

GRAND ISLE,
January,
1835.
U. S. Bank
vs.
Taylor. et al.
cases, änd it makes no distinction in this respect, where property is attached or otherwise." It would be very inconvenient, when a creditor is unable to secure his debt, except by snatching morsels at a time, if copies must be left in each instance ; but if the creditor should wantonly harrass a debtor in that way, it would be an abuse of legal process.

Judgment of county court affirmed.